UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYAN SHEPARD, on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § § § | CIVIL ACTION NO. : 4:17-cv-01678 JURY TRIAL DEMANDED |
| TURNCO, LLC, | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

1. Defendant TurnCo, LLC ("Defendant") required Plaintiff Bryan Shepard ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and all other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

1

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because a Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Bryan Shepard is an individual residing in Montgomery County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

6. The FLSA Class Members are all current and former inspectors, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint.

7. Defendant TurnCo LLC is a limited liability company organized under the laws of Oklahoma with its corporate headquarters in this District. Defendant may be served process through its registered agent Lonnie Smith II, 2938 Raintree Village, Katy, Texas 77449, or wherever he may be found.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTS

13. Defendant TurnCo, LLC is an oilfield services company that provides specialized inspection services to its clients in the oil and gas industry.

14. This lawsuit presents the fourth time in the last three years when Defendant has been sued by an employee in its inspector workforce for failing to pay overtime. Despite being repeatedly sued by its inspectors for failing to pay overtime and being made aware of the law on multiple occasions, Defendant continues to ignore the requirement under the law to pay overtime when its employees work more than 40 hours in a workweek.

15. Plaintiff worked for Defendant as an inspector from approximately April of 2013 to August of 2015.

16. Defendant's inspectors are responsible for performing inspections on drilling equipment such as motors and drill collars. Their work is primarily performed in the warehouses or yards of Defendant's customers.

17. Inspectors commonly work in excess of 12 hours each day.

18. Inspectors usually work five to six days each week. Defendant also required mandatory, alternating Saturdays to be worked.

19. Inspectors are paid a salary for their labor and do not receive overtime for those hours worked in excess of 40 in a workweek.

20. No exemption under the FLSA law shelters Defendant from paying overtime to its inspectors.

21. Inspectors do not supervise other employees or manage a customarily recognized department of Defendant's company.

22. Inspectors have no authority to hire or fire other employees.

23. Inspectors are field employees, not office employees. The perform work related to Defendant's core business, not the management of the company's operations.

24. The primary duty of an inspector does not require independent judgment or discretion. Instead, inspectors are required to carry out their inspections according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

25. The FLSA's regulations even provide that inspection work is non-exempt work:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines

> involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

26. Inspectors are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

27. Despite these facts, Defendant misclassified its inspectors as exempt from overtime pay.

28. As a result of Defendant's pay policies, Plaintiff and other inspectors were denied overtime pay.

29. Defendant knew, or showed reckless disregard for whether Plaintiff and the other inspectors were entitled to overtime pay under the law. In fact, Defendant knew the requirement to pay overtime to Plaintiff and Class Members but intentionally chose not to do so.

30. Defendant has effectively turned a "blind eye" to paying overtime to the Plaintiff and Class Members. Again, This is the fourth lawsuit that has been brought against Defendant for misclassifying its inspector workforce as exempt from overtime. The first lawsuit was brought in November 2013 alleging that Defendant misclassified its inspector workforce as exempt. The second and third lawsuits were filed in 2015, again claiming that Defendant misclassified its inspector workforce as exempt. Defendant settled each of these cases. Nevertheless, Defendant continues to violate the law.

Turning a blind-eye to paying overtime to Plaintiff and Class Members constitutes willfulness as a matter of law under the standard articulated by the Fifth Circuit in *Ramos v. Bataineh*, 2015 WL 1412628 (5th Cir. Mar. 30, 2015).

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

31. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

32. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

33. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

35. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

36. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other inspectors under the same compensation structure at multiple job sites for Defendant.

37. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

38. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

39. Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

40. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

41. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

42. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

43. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

44. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

45. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

46. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

47. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

48. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former inspectors, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint.

## **JURY DEMAND**

49. Plaintiff and Class Members hereby demand trial by jury on all issues.

## **PRAYER**

50. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all inspectors and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees, costs, and expenses;

d. Pre and post judgment interest;

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Don J. Foty
Don J. Foty
DFoty@kennedyhodges.com
Texas State Bar No. 24050022
Federal Bar No. 711552
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS